IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SANDRA YEH, M.D. and PRAIRIE EYE CENTER, LTD., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 20-3124 |
| PRAIRIE E&L MANAGEMENT, LLC, a North Carolina Limited Liability Company, | ) ) ) ) ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending are the the Defendant's Motion to Strike portions of the Plaintiffs' Amended Complaint and evidence in their Motion for Preliminary Injunction and the Plaintiffs' Motion for leave to file a Second Amended Complaint.

I.

On June 11, 2020, the Court entered an Agreed Preliminary Injunction Order, which mooted the portion of the motion to strike directed at the motion for preliminary injunction. On June 26, 2020, the Plaintiffs filed a motion for leave to file second amended complaint. The Defendant does not oppose Plaintiffs' motion to amend. Consistent with their prior motion to strike, however, the Defendant

1

objects to certain paragraphs and exhibits pertaining to the alleged bad acts of non-party Greg Lindberg. The Defendant asks the Court to order the Plaintiffs to file a new version of their Complaint which does not include those allegations.

In support of the motion, the Plaintiffs note that the original Complaint, which was initially filed in state court, and the amended complaint following removal, were limited to seeking declaratory and injunctive relief relating to the termination of Sandra Yeh, M.D., as medical director of and physician for Prairie Eye Center, Ltd. In its Answer to the Amended Complaint, Defendant Prairie E&L Management, LLC included counterclaims seeking, *inter alia*, declaratory and injunctive relief as well as damages for breach of contract, fraudulent misrepresentation and negligent misrepresentation.

The Plaintiffs state that their proposed Second Amended Complaint continues to seek declaratory and injunctive relief, while also including additional fact allegations and seeking, *inter alia*, damages for breach of contract, breach of a promissory note, defamation and intentional infliction of emotional distress. It also adds additional parties. The Plaintiffs allege the additional facts and causes of action asserted in the proposed Second Amended Complaint arise out of the same facts and circumstances, and the same transaction, as the allegations asserted in the prior pleadings. Moreover, no prejudice would result if the motion is granted.

On June 5, 2020, the Defendant moved to strike portions of the Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(f) on the basis it contains allegations that are immaterial, impertinent and scandalous. The Defendant alleges the Plaintiffs' proposed Second Amended Complaint includes similar allegations, in addition to new allegations that are objectionable on the same grounds. The Defendant cites paragraphs 22, 23, 24, 25, 26, 28, 32, 51 and 68 of the proposed Second Amended Complaint, along with portions of Exhibits 16 and 17.

The Defendant notes that Plaintiffs rely on allegations made by other parties in other civil lawsuits against Greg Lindberg and other Eli Global companies as evidentiary support for wrongdoing and alleged "illicit activities of Lindberg and the web of Eli Global affiliated companies he controlled." The Defendant states that Dr. Yeh attaches voluminous pleadings from other civil lawsuits involving the Eli Global companies—which consist of allegations and hearsay evidence such as news articles—not fact evidence.

The Defendant contends that Dr. Yeh's actions are at issue in this case, not the alleged acts of Greg Lindberg involving a public official in North Carolina. Moreover, the purpose of this "evidence" is to cast a shadow of impropriety over the Defendant, even though the actions of Mr. Lindberg and other Eli Global companies have no relevance to the claims at issue in this case. The Defendants further contend the allegations constitute improper character evidence.

For these reasons, the Defendant asks the Court to narrow the scope of the Plaintiffs' Second Amended Complaint by excluding the paragraphs and exhibits at issue, which the Defendant claims are irrelevant and simply scandalous material intended to influence the Court's and the factfinder's opinion of the Defendant.

The Plaintiffs claim the allegations in the proposed Second Amended Complaint establish that Greg Lindberg's indictment, resulting financial problems, conviction and other alleged wrongdoing are relevant and at least partly explain Prairie E&L Management, CVG and/or Eli Global in illegally terminating Dr. Yeh's Physician Employment Agreement, failing to pay the amounts owed to Dr. Yeh on the Promissory Note, breaching the Administrative Services Agreement (ASA), in addition to what the Plaintiffs describe as Defendant's "bad faith plan to create a subterfuge by terminating the ASA without cause" (following Defendant's alleged breach of the ASA) in attempting to trigger the transfer of Dr. Yeh's stock. The Plaintiffs further assert the allegations relating to Mr. Lindberg are separately relevant to the claims against CVG, Eli Global and Global Group, who are named for the first time in the proposed Second Amended Complaint.

II.

At this early stage of the litigation, the Court cannot know for certain whether the allegations as to Mr. Lindberg are relevant to the claims in the Plaintiffs'

4

proposed Second Amended Complaint. The Court was already familiar with most of the allegations after reviewing the record prior to ordering, on May 22, 2020, that the Temporary Restraining Order remained in effect. Additionally, in order to prepare for the preliminary injunction hearing (that was eventually canceled), the Court reviewed the Plaintiffs' Amended Complaint and any pleadings related to the Plaintiffs' motion for preliminary injunction. These pleadings contained many of the same allegations regarding Mr. Lindberg that are present in the proposed Second Amended Complaint. The Court did not and will not allow any allegations relating to Greg Lindberg improperly influence its opinion in this case and/or of any Defendants named in the proposed Complaint. Although this action is not now set before a jury, the Defendants are certainly free to challenge the admission of any of these allegations at trial when there may be a greater potential for unfair prejudice.

The Court is unable to discount the possibility that the actions of Mr. Lindberg have some relevance to the Plaintiffs' breach of contract claims and other claims. Because the Court is currently unable to determine whether the allegations at issue are relevant to the Plaintiffs' claims and because there is no danger of unfair prejudice at this time, the Court will allow the Plaintiffs leave to file their Second Amended Complaint as currently drafted.

Ergo, the Plaintiffs' Motion for Leave to File their Second Amended Complaint [d/e 30] is GRANTED.

The Clerk will docket and file the Plaintiffs' Second Amended Complaint [d/e 30-1].

The Clerk will terminate as moot the Defendant's Combine Motion to Strike [d/e 20].

ENTER: July 17, 2020

   FOR THE COURT:

                                             /s/ *Richard Mills*
                                             Richard Mills
                                             United States District Judge