IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SANDRA YEH, M.D. and PRAIRIE EYE CENTER, LTD., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 20-3124 ) |
| PRAIRIE E&L MANAGEMENT, LLC, a North Carolina Limited Liability Company, et al., | ) ) ) ) |
| Defendants. | ) |

OPINION

RICHARD MILLS, United States District Judge:

Before the Court is Defendant Prairie E&L Management, LLC's Motion for Reconsideration and Modification of the Preliminary Injunction Opinion and Order and for Findings of Fact and Conclusions of Law.

1

Following an evidentiary hearing on August 24-25, 2020, the Court granted the Plaintiffs' Motion for Preliminary Injunction in an Opinion and Preliminary Injunction Order on August 28, 2020. The Court denied Defendant Prairie E&L Management's ("PELM") motion for preliminary injunction.

PELM moves for reconsideration and modification of the Preliminary Injunction Opinion and Order.  It asks the Court to reconsider its prior ruling and delete from its Opinion and Order the language enjoining "enforcement of any and all restrictive covenants and non-solicitation provisions included in the Asset Purchase Agreement (APA), Administrative Services Agreement (ASA), Physician Employment Agreement and related agreements," which PELM states is an alternative argument raised by the Plaintiffs in the event PELM prevailed and was able to terminate the ASA and transfer Plaintiff Sandra Yeh, M.D.'s shares of stocks to other physicians, which did not occur.

PELM further claims the language is overly broad in that it enjoins enforcement of the restrictive covenants in the Asset Purchase Agreement and "related agreements," which were not alleged to have been breached.

Each of those agreements—the APA, ASA, Physician Employment Agreement and Directed Stock Transfer Agreement--was introduced at the hearing. The Court previously noted the agreements should not be read in isolation.

Upon reviewing the Plaintiffs' motion for preliminary injunction [d/e 47] and memorandum in support [d/e 48], the Court notes that Plaintiffs sought in Paragraph D of those pleadings the relief pertaining to restrictive covenants and non-solicitation provisions. That relief was not merely an alternative argument in the event that PELM prevailed on its motion and was able to terminate the ASA and transfer Dr. Yeh's stock to other physicians.

The various agreements were entered into evidence at the hearing. The Plaintiffs presented evidence of material breaches of those agreements.

PELM asserts that restrictive covenants in asset purchase situations are viewed quite differently from typical restrictive covenants in the employee-employer context. PELM acknowledged that in certain circumstances, it would constitute bad faith if it were to terminate the ASA for the purpose of transferring Dr. Yeh's stock under the Directed Stock Transfer Agreement, terminating her rights under the Physician Employment Agreement and imposing a significant termination fee (while negotiating a new ASA with different physicians). In that respect, this case is significantly different from a typical purchase of assets situation.

Based on the relief sought by the Plaintiffs and evidence presented in filings and at the August 2020 hearing, the Court finds no basis to depart from its previous Order preliminarily enjoining enforcement of the non-competition and non-solicitation clauses contained in the related agreements.

PELM also asks that the Court make additional or alternative findings of fact and conclusions of law which is consistent with the relief it requests and the Court's prior rulings on the motions for injunctive relief. However, the Court concludes that additional findings are not necessary.

Ergo, the Defendant Prairie E&L Management, LLC's Motion for Reconsideration and Modification of Preliminary Injunction Opinion and Order and for Findings of Fact and Conclusions of Law [d/e 68] is DENIED.

ENTER: June 4, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge